The Honorable Gene Roebuck State Senator P.O. Box 1696 Jonesboro, Arkansas 72403-1696
Dear Senator Roebuck:
This is in response to your request, on behalf of a constituent, for an opinion on "whether a sitting Governor of the State of Arkansas can advertise and/or endorse a product." You have attached a letter from your constituent stating that: "As you may be aware by recent headlines and news coverage, Governor Mike Huckabee has endorsed the Express ID product, a device which exposes identification fraud." Your constituent questions the legality of such an endorsement.
I must note as an initial matter that I do not have any facts before me detailing the extent or nature of the endorsement in question. I will, however, assume, for purposes of answering your question that such an "endorsement" in fact occurred.
My research has failed to disclose any pertinent Arkansas statutory provision addressing this circumstance. This is particularly true if the Governor did not benefit pecuniarily from the endorsement. See, e.g., A.C.A. § 21-8-304 (prohibiting a public official from using his position to secure special privileges for himself or relatives); A.C.A. § 21-8-801
(prohibiting a public official from receiving a gift or compensation, other than public salary, for the performance of the duties of his office).
Research has disclosed only one analogous case, from the State of Ohio. In Corrigan v. Gaul, 61 Ohio Misc.2d 119, 575 N.E.2d 524 (1990), the county prosecutor sued for an injunction to prohibit the county treasurer from participating in radio advertisements endorsing a bank's certificates of deposit. In the advertisements, the treasurer makes the statement that the certificates are a "good deal." The court stated:
 The claim of the prosecutor is, in essence, that there is no difference between the actions of the treasurer in this case and situations where the county sheriff would be promoting Smith Wesson hand guns; the county auditor advertising for H R Block; the county prosecutor touting Hyatt Legal Clinics; or the judges adorning their robes similar to a race car driver or skier, or even wearing a headband like Jim McMahon, endorsing various consumer products. The underlying theme of these exaggerated similes is the promotion of private enterprise, and [that] the law does not permit the good name and reputation of ones' public office for such a singular, nonprofit purpose. Therefore, the prosecutor alleges that the treasurer's endorsement violates the public trust, is a breach of the treasurer's fiduciary duty, uses a public office for other than a public purpose, and is, therefore unlawful.
575 N.E.2d at 525.
In spite of the prosecutor's colorful arguments, the Ohio court could find no Ohio statute prohibiting the conduct at issue. The court stated that: "In effect, the prosecutor desires that this court prohibit an action which the law, by its silence, permits." Id. at 526. The court went on to say:
 The ethical guide to public official's [sic] conduct resides with the people through the ballot box, and the prosecuting attorney, regardless of the honest motives in bringing this action, cannot usurp this authority. Ethical guidelines are usually conveyed through those men and women who speak from pulpits, but the penalty for a violation of these standards emanates from the lonely confines of one's reflective mind. In effect, this action requests the court not only to restrain free speech but also to impose ethical standards on a public official whose conduct is viewed by another public official as a violation of the public trust.
Id. at 526.
The court went on to note, however, that: "[w]hether or not the treasurer's involvement with the TransOhio commercials is a breach of ethics is a factual determination to be made by the Ohio Ethics Commission." Id. at 527.
Similarly, I can find no Arkansas statute that is violated on the limited facts you have provided. As in Corrigan, above, additional inquiry may be made to officials at the Arkansas Ethics Commission.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh